UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD DEAN MERTEN,<br><br>                    Plaintiff,<br><br>        v.<br><br>WELDON MARK GILBERT, PIERCE COUNTY JAIL, AND OFFICER GARDNER,<br><br>                    Defendants. | No. C11-5641 RBL/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  Under separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* (IFP).   The Court has reviewed Plaintiff's civil rights complaint.  ECF No. 1.  At this time, the Court will not serve the complaint because it is deficient.  Plaintiff shall be given an opportunity to submit an amended complaint, as explained below.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a

ORDER TO AMEND OR SHOW CAUSE- 1

defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Neither can the Court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws

ORDER TO AMEND OR SHOW CAUSE- 2

of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

In his complaint, Plaintiff alleges that he was sexually molested by a fellow prisoner, Weldon Mark Gilbert.  He alleges that he informed Officer Gardner of the assault on several occasions but Officer Gardner only moved him two bunks down from Gilbert.  After Gilbert assaulted Plaintiff again, Officer Gardner moved Gilbert out of the unit.  ECF No. 1, pp. 3-4.  Plaintiff seeks emotional and mental distress damages from Gilbert, as well as compensatory damages from Pierce County Jail for "deprivation of [his] safety and not moving Mr. Gilbert when the incident was reported."  *Id.*, p. 5.

As currently plead, Plaintiff's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) as to Weldon Mark Gilbert because Mr. Gilbert is not a "person acting under color of state law."  To succeed on a § 1983 claim, a plaintiff ordinarily must demonstrate deprivation of a constitutional right by a person acting under color of state law.  *Dang Vang v. Van Xiong X. Toyed*, 944 F.2d 476, 479 (9th Cir.1991).  "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the state.  Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."  *West v. Atkins*, 487 U.S. 42, 49-50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citations omitted).  "Under color of state law" means under pretense of state law.  *Screws v. United States*, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945).  There is no such pretense if the wrongful acts are wholly unrelated to the employee's duty.  *Murphy v. Chicago Transit Auth.*, 638 F.Supp. 464, 467 (N.D.Ill.1986) (citing

ORDER TO AMEND OR SHOW CAUSE- 3

*Johnson v. Hackett*, 284 F.Supp. 933, 937 (E.D.Pa.1968)). "[A]ctions taken under color of state law must be related to the state authority conferred on the actor, even though the actions are not actually permitted by the authority." *Dang Vang*, 944 F.2d at 480 (citations omitted).

Here, it is clear from Plaintiff's complaint that Weldon Mark Gilbert is a prisoner in the Pierce County Jail. The Court makes no comment on whether Plaintiff may pursue a cause of action against Weldon Mark Gilbert in a state court. However, Plaintiff cannot pursue a Section 1983 claim against Weldon Mark Gilbert in this Court because Mr. Gilbert is not a state employee and was not acting under color of state law when he allegedly assaulted Plaintiff.

Plaintiff also alleges that Officer Gardner failed to take reasonable measures to guarantee his safety. This allegation is sufficient to state a claim against Officer Gardner under the Eighth Amendment. *See, e.g., Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.) In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833, 114 S.Ct. 1970. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to the prisoner's safety. *Id.* In his complaint, however, Plaintiff seeks damages only from the Pierce County Jail for its failure to keep him safe. This claim is deficient.

To establish municipal liability, a plaintiff must show that: (1) a municipal employee violated his constitutional rights; (2) the municipality had a custom, practice, or policy that amounted to "deliberate indifference"; and (3) the municipal custom, practice, or policy was the "moving force" behind the employee's violation of the plaintiff's constitutional rights. *Gibson v. County of Washoe,* 290 F.3d 1175, 1185-86 (9th Cir. 2002). Because "[a] policy can be one of

ORDER TO AMEND OR SHOW CAUSE- 4

action or inaction," *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.2006), a plaintiff seeking to show that a municipality's failure to act caused an injury "must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." *Gibson*, 290 F.3d at 1186.

Due to the deficiencies described above, the Court will not serve the complaint. However, Plaintiff shall be given an opportunity to file an amended complaint to cure, if possible, the deficiencies identified by the Court. Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

(1)     the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)     the dates on which the conduct of each Defendant allegedly took place; and

(3)     the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be

ORDER TO AMEND OR SHOW CAUSE- 5

clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.  In order to make a short and plain statement of claims against the defendants, plaintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights.  The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's constitutional rights.

Accordingly, it is **ORDERED:**

(1) If Plaintiff decides to file an amended civil rights complaint in this action, he shall do so **on or before October 7, 2011.**  Plaintiff is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **October 7, 2011**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

(2) **The Clerk is directed to send to Plaintiff the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint, a copy of this Order and a copy of the General Order**.

**DATED** this  12th   day of September, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 6