1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

RICHARD DEAN MERTEN,

8
                                        Plaintiff,

9        v.

10   WELDON MARK GILBERT, PIERCE
     COUNTY JAIL, and OFFICER
11   GARDNER,

12
                                        Defendants.

No. C11-5641 RBL/KLS

ORDER DENYING MOTION FOR THE
APPOINTMENT OF COUNSEL

13

14        Before the Court is Plaintiff's motion for the appointment of counsel.  ECF No. 14.

15   Having carefully reviewed Plaintiff's motion and balance of the record, the Court finds, for the

16   reasons stated below, that Plaintiff's motion should be denied.

17                                    **DISCUSSION**

18        No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v.*

19   *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S.*

20   *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

21   discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may

22   appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

23   U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

24   *grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional

25   circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

26

ORDER DENYING MOTION FOR COUNSEL - 1

the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Plaintiff filed his complaint *pro se* and has demonstrated an adequate ability to articulate his claims *pro se*.  Plaintiff claims that he was sexually assaulted by another inmate and that Defendant failed to protect him from the assault.  ECF No. 6.  Plaintiff is requesting appointment of counsel so that he may be properly represented, it is difficult to "do what needs to be done while [he] is incarcerated" and so that counsel can advise him of his rights and obligations.  ECF No. 14.  Plaintiff has set forth his claims clearly in his complaint and there is nothing unusual or complex about Plaintiff's claims.

The Court finds no exceptional circumstances in this case.  While Plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant.   Moreover, Plaintiff has not shown a likelihood of success on the merits.

ORDER DENYING MOTION FOR COUNSEL - 2

1    Accordingly, Plaintiff's motion for the appointment of counsel (ECF No. 14) is

2   **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

3

4    **DATED** this   23rd   day of January, 2012.

5

6

7   Karen L. Strombom
    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING MOTION FOR COUNSEL - 3