# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

RICHARD DEAN MERTEN,

        Plaintiff,

v.

OFFICER GARDNER,

        Defendants.

No. C11-5641 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for: May 11, 2012**

Presently before the Court is Defendant Gardner's Motion to Dismiss pursuant to Fed. R. Civ. P. Rules 12(b) and 12(b)(6) for failure to exhaust administrative remedies as required by the Prisoner Litigation Reform Act (PLRA) and for failure to state a claim upon which relief can be granted. ECF No. 22. Plaintiff has not filed a response. His failure to do so may be considered by the Court as an admission that the Defendant's motion has merit. CR 7(b)(2).

Having carefully considered the motion and balance of the record, the Court recommends that Plaintiff's claims be dismissed without prejudice for failure to exhaust administrative remedies as required by the PLRA. The Court does not reach Defendant's stated alternative grounds for dismissal because once it has been determined that a suit filed by a prisoner must be dismissed for failure to exhaust, a district court lacks discretion to resolve those claims on the merits.

REPORT AND RECOMMENDATION - 1

# FACTS

## A. Plaintiff's Claims

Mr. Merten alleges that when he was detained at the Pierce County Detention and Corrections Center (PCDCC), he was sexually molested by a fellow prisoner, Weldon Mark Gilbert. He states that he informed Officer Gardner of the assault on several occasions but Officer Gardner only moved him two bunks down from Gilbert. After Gilbert assaulted him again, Officer Gardner moved Gilbert out of the unit. ECF No. 1, pp. 3-4.

Mr. Merten originally sued his fellow prisoner and the Pierce County Jail, along with Officer Gardner, for emotional and mental distress, and compensatory damages. *Id.*, p. 5. The Court allowed this action to proceed on Plaintiff's Eighth Amendment claims against Officer Gardner only. *See* ECF Nos. 12 and 16.

## B. PCDCC Grievance Program

PCDCC has developed a procedure for the filing of grievances. ECF No. 23, at 2 (Declaration of Pam Lacipierre, Office Assistant 3 for the PCDCC), at 3-7 (Prisoner Information Handbook). The Handbook contains the procedure for filing and appealing "Prisoner Grievances", stating in pertinent part:

> Prisoner Grievances
> The Pierce County Detention and Corrections Center has a grievance procedure that you can use to express valid grievances.
>
> Rules for Filing a Grievance/Appeal
> The grievance program is intended to address serious concerns that are personal to you.
>
> You may not use the grievance program to submit a request or appeal on behalf of another inmate(s).

> You have the responsibility to use this program in good faith and in an honest and straightforward manner. Knowingly, making a false complaint is a major rule violation.
>
> Before filing a formal grievance, you must first try to resolve the complaint informally with your Housing Officer.
>
> If you are unable to resolve complaint, you may fill out a Formal Grievance Form:
> ◊ State, specifically, one single complaint or a few number of closely related issues on the form. If there are multiple unrelated issues on the form it will be rejected.
> ◊ Complete the form with all the requested identifying information as well as stating the complaint.
> ◊ Sign the form and review the information you have written.
> ◊ Hand the form to a Corrections Officer. It will be forwarded to a Duty Sergeant and then on to the Grievance/Complaint Coordinator. The grievance will be recorded and answered within 10 working days of the receipt of the grievance.

*Id.*, at 3.

The Handbook was available to Mr. Merten during the period of his incarceration. *Id.*, at 2. Ms. Lacipierre has researched PCDCC prisoner grievance records and has found that Mr. Merten did not file any grievances while he was housed at the PCDCC. *Id.*, at 2.

**STANDARD OF REVIEW**

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(c) the court applies the same standard as if it were reviewing a Motion to Dismiss filed under Fed. R. Civ. P. 12(b)(6). In reviewing a 12(b)(6) motion, a court may grant a dismissal for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

REPORT AND RECOMMENDATION - 3

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Where a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). However, while the court can liberally construe a *pro se* plaintiff's complaint, it cannot supply an essential fact that the plaintiff has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). A motion to dismiss only admits, for the purposes of the motion, all well-pleaded facts in the complaint, as distinguished from conclusory allegations. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976); *see also, Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(c)(1) requires:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court can consider the dismissal for failure to exhaust as one for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995) (treating improper dismissal under Rule 12(b)(1)[jurisdictional dismissal] as one under Rule 12(b)(6)).

REPORT AND RECOMMENDATION - 4

# DISCUSSION

The Prison Litigation Reform Act of 1995 (PLRA) mandates that:

*No action shall be brought with respect to prison conditions* under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, *until such administrative remedies as are available are exhausted.*

42 U.S.C. § 1997e [emphasis added].

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought to court." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007). Inmates must exhaust their prison grievance remedies before filing suit if the prison grievance system is capable of providing any relief or taking any action in response to the grievance. "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The underlying premise is that requiring exhaustion "reduce[s] the quantity and improve[s] the quality of prisoner suits, [and] affords corrections officials an opportunity to address complaints internally. . . . In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* at 525.

Requiring proper exhaustion serves all of the goals of the rulings in *Nussle* and *Booth*, providing inmates an effective incentive to use the prison grievance system and

REPORT AND RECOMMENDATION - 5

thereby provides prisons with a fair opportunity to correct their own mistakes. *Woodford v. Ngo*, 548 U.S. 81, 93-94, 126 S. Ct. 2378 (2006). This is particularly critical to state corrections systems because it is "difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons." *Id.* at 94 (citing *Preiser v. Rodriguez,* 411 U.S. 475, 491-492 [1973]). Courts have a limited role in reviewing the difficult and complex task of modern prison administration. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989) (quoting *Turner v. Safley*, 482 U.S. 78, 84-85 [1987]) (urging a policy of judicial restraint as prison administration requires expertise, planning and the commitment of resources, all of which are the responsibility of the legislative and executive branches).

The exhaustion requirement applies to all claims in a complaint; it is not enough to exhaust administrative remedies as to some claims and then use that exhaustion as a jurisdictional hook on which to hang unexhausted claims in a federal civil rights action. *See Graves v. Norris,* 218 F.3d 884, 885 (8th Cir. 2000); *accord Terrell v. Brewer,* 935 F.2d 1015, 1018-19 (9th Cir. 1991) (in prisoner action brought under *Bivens* where only a portion of the claims had been exhausted, "the proper remedy [was] dismissal without prejudice"). This total exhaustion rule best promotes the purposes of the exhaustion requirement, which include allowing a prison to take responsive action, filtering out frivolous cases, and creating administrative records. *See Porter,* 534 U.S. at 523-25.

Here, it is undisputed that there is a well-established grievance procedure available to inmates who are incarcerated in the PCDCC. ECF No. 23 (Lacipierre Decl.) It is also undisputed that while Mr. Merten was incarcerated in the PCDCC, he filed no grievances. *Id.*, at 2.

REPORT AND RECOMMENDATION - 6

Claims that are not exhausted must be dismissed and this Court lacks discretion to resolve those claims on the merits. See e.g., *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) (*citing, among others, Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir.1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.") Therefore, the Court does not address the merits of Plaintiff's claims or remaining issues raised in Defendant's motion to dismiss.

## CONCLUSION

The undersigned recommends that Defendant's motion to dismiss (ECF No. 22) be **GRANTED** and that Plaintiff's claims against Defendant Gardner be **dismissed without prejudice** for failure to exhaust.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 11, 2012**, as noted in the caption.

**DATED** this  18th  day of April, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7